IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **MOHAMMAD SHARIFI, # Z-709,** | * |
| | * |
| Plaintiff, | * |
| | * |
| vs. | * CIVIL ACTION NO. 23-00148-KD-B |
| | * |
| **ROBERT BROUSSARD,** | * |
| | * |
| Defendant. | * |

**REPORT AND RECOMMENDATION**

Plaintiff Mohammad Sharifi, an Alabama prison inmate who is proceeding *pro se*, filed a complaint. (Doc. 1).[1] This case was referred to the undersigned Magistrate Judge for appropriate action pursuant to 28 U.S.C. § 636(b)(1)(B) and S.D. Ala. GenLR 72(a)(2)(R). The undersigned has conducted an initial review of Sharifi's complaint pursuant to 28 U.S.C. § 1915A, which requires courts to perform a screening review of any civil complaint filed by a prisoner against a government official. See 28 U.S.C. § 1915A(a). After review, it is recommended that this action be transferred to the United States District Court for the Northern District of Alabama.

---

[1] Along with the complaint, Sharifi filed a motion to proceed without prepayment of fees (Doc. 2). Given the recommended disposition of this action by this Court, the undersigned submits that the assessment and collection of any filing fee should be undertaken by the United States District Court for the Northern District of Alabama.

Sharifi is incarcerated at Holman Correctional Facility in the Southern District of Alabama. (Doc. 1 at 1). His complaint lists Robert Broussard, the District Attorney of Madison County, Alabama, as the sole Defendant. (Id. at 2). The address provided for Defendant Broussard reflects that he resides in Huntsville, in the Northern District of Alabama. (Id.). As best the Court can discern from Sharifi's disjointed allegations, he is alleging misconduct in criminal proceedings against him in Madison County, Alabama, which resulted in his conviction for murder and sentence of death.[2]

> A civil action may be brought in--
>
> > (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> > (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>
> > (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b); see New Alliance Party of Ala. v. Hand, 933 F.2d 1568, 1570 (11th Cir. 1991) (per curiam) (applying § 1391(b)'s venue provisions to a § 1983 action).

---

[2] Sharifi alleges that Defendant Broussard was the prosecutor at his 2005 capital murder trial. (Doc. 1 at 1).

When venue is not proper in the district of filing, a district court must dismiss, or if it is in the interest of justice, transfer the action to any district in which it could have been brought.  28 U.S.C. § 1406(a); see Kapordelis v. Danzig, 387 F. App'x 905, 906-07 (11th Cir. 2010) (per curiam) (affirming *sua sponte* transfer of a Bivens action from New York to Georgia pursuant to § 1406(a)).  "The interests of justice generally favor transferring a case to the appropriate judicial district rather than dismissing it."  Hemispherx Biopharma, Inc. v. MidSouth Capital, Inc., 669 F. Supp. 2d 1353, 1359 (S.D. Fla. 2009).

Here, it is apparent from the face of the complaint that this action has no relevant connection to the Southern District of Alabama.  As noted *supra*, Sharifi is challenging criminal proceedings that took place in Madison County, Alabama, and he provides a Huntsville address for the sole Defendant.  The Court takes judicial notice that Huntsville and Madison County, Alabama are located in the Northeastern Division of the Northern District of Alabama.  See 28 U.S.C. § 81(a)(2).  Thus, venue in the Southern District of Alabama is improper, as the instant action has no relevant connection to this district.  Defendant Broussard is not alleged to reside in this district, and none of the events or omissions giving rise to Sharifi's claims occurred in this district.  Instead, it is clear that, pursuant to 28 U.S.C. §

1391(b), the proper venue for this action is the Northern District of Alabama.

Considering Sharifi's *pro se* status, it is recommended, in the interest of justice, that this action be **TRANSFERRED** to the Northeastern Division of the United States District Court for the Northern District of Alabama, pursuant to 28 U.S.C. § 1406(a).[3]

---

[3] Although Sharifi appears to challenge the criminal proceedings that resulted in his conviction and present incarceration, he expressly denies that this is a habeas action. (See Doc. 1 at 6). However, even if the Court were to construe this matter as a habeas proceeding, transfer to the Northern District of Alabama would still be appropriate.

Where a habeas petition is filed by a prisoner in a state, like Alabama, that contains two or more federal judicial districts, "concurrent jurisdiction exists in both the district of confinement and the district in which the sentence was imposed." Crenshaw v. Myers, 2018 U.S. Dist. LEXIS 32486, at *1-2, 2018 WL 1100905, at *1 (N.D. Ala. Jan. 23, 2018) (citing 28 U.S.C. § 2241(d)), report and recommendation adopted, 2018 U.S. Dist. LEXIS 32007, 2018 WL 1089755 (N.D. Ala. Feb. 28, 2018). A court that has concurrent jurisdiction may transfer the action to the other federal district court in which it might have been filed "in the exercise of its discretion and in furtherance of justice." See 28 U.S.C. § 2241(d).

In this circuit, it is well-recognized that the district of conviction is generally the most convenient and appropriate venue for a challenge to a state conviction or sentence; therefore, the courts of this circuit generally transfer such petitions to the district of conviction. See, e.g., Taylor v. State of Texas, 2018 WL 1081720, at *1 (S.D. Ala. Jan. 23, 2018), report and recommendation adopted sub nom., 2018 WL 1077312 (S.D. Ala. Feb. 27, 2018). Thus, even if this Court did have concurrent jurisdiction over this matter based on the fact that Sharifi is confined at Holman Correctional Facility, it is clear that the Northern District of Alabama, where Sharifi was convicted and sentenced and where most of the relevant records and witnesses are presumably located, would still be the most convenient and appropriate venue.

## **NOTICE OF RIGHT TO FILE OBJECTIONS**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. Ala. GenLR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1.

In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this **28th** day of **April, 2023.**

                                                            /s/ SONJA F. BIVINS
                                    **UNITED STATES MAGISTRATE JUDGE**